IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIM HARDESTY, as Temporary Administer of the Estate of Ronald E Harris, Deceased, the Estate of Ronald E Harris, Deceased, | § | |
| Plaintiff, | § | |
| V. | § | No. 3:24-cv-02748-K |
| MONSANTO COMPANY, | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART APPLICATION FOR ATTORNEYS' FEES AND COSTS**

Defendant Monsanto Company filed a motion to compel Plaintiff to respond to discovery requests and pay fees and costs that Monsanto incurred in bringing its motion. *See* Dkt. No 41.

The Court granted the motion to compel. *See* Dkt. No 52. The Court also found that

> Federal Rule of Civil Procedure 37(a)(5)(A) requires the Court to order payment of the movant's reasonable expenses in making a motion to compel, including payment of attorneys' fees, when a motion to compel is granted. But Rule 37(a)(5)(A) also requires the Court must give Hardesty an opportunity to be heard as to an award of fees and expenses and provides three exceptions under which the Court must not order payment of the movant's fees and expenses. *See* FED. R. CIV. P. 37(a)(5)(A)(i)-(iii).
>
> The Court finds that Monsa[n]to filed this motion only after attempting to obtain the discovery without court action and that the first exception does not apply here. *See* FED. R. CIV. P. 37(a)(5)(A)(i).
>
> But the Court will grant Hardesty an opportunity to, by Friday, February 6, 2026, file a response explaining why the Court should not, under Rule 37(a)(5)(A), require Hardesty or his counsel to pay

> Monsa[n]to's reasonable expenses and attorneys' fees incurred in having its counsel prepare and file its Motion to Compel [Dkt. Nos. 41 & 43] and reply in support [Dkt. No. 48] and any supporting exhibits and appendix [Dkt. No. 42] and to fully explain whether either of the other two exceptions under Rule 37(a)(5)(A)(ii)-(iii) applies. *See* FED. R. CIV. P. 37(a)(5)(A) (providing that "the court must not order this payment if: (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust").
>
> If Hardesty files this response, Monsa[n]to may, by Friday, February 20, 2026, file a reply in support of an award under Rule 37(a)(5)(A), which reply must be limited to addressing whether any exception under 37(a)(5)(A)(ii)-(iii) should preclude an award of expenses.
>
> The reply need not and should not include any affidavits or declarations supporting a lodestar determination for a fee award. If, based on this response and reply, the Court determines to award expenses, the Court will issue a separate order directing the filing of materials to determine the amount of any award.

*Id.* (cleaned up).

Hardesty did not provide any discovery, seek a discovery extension, or file a response explaining if any exceptions preclude him from paying attorneys' fees and costs.

Monsanto then filed, on February 5, 2026, a motion seeking an order requiring Hardesty to show cause why he should not be held in contempt for his failure to comply with the Court's order. *See* Dkt. Nos. 53-55. The order was referred to the undersigned, *see* Dkt. No. 56, and Hardesty was ordered to respond by February 13, 2026, *see* Dkt. No. 57. Hardesty failed to file a response by the deadline, and Monsanto filed a reply to its motion on February 17, requesting a finding of contempt for failure to participate in discovery and timely file a response to the motion to show cause. *See* Dkt. No. 61.

And, on February 9, 2025, the Court ordered that

> Hardes[t]y did not file a response regarding whether he or his counsel should be required to pay Monsa[n]to's expenses under Rule 37(a)(5). The Court now finds that Hardesty's failures to respond to Monsa[n]to's discovery requests, on the basis of which the Court granted the motion to compel, were not "substantially justified" and that no other circumstances make an award of expenses under Rule 37(a)(5) unjust.
>
> The Court will award expenses under Rule 37(a)(5)(A) by requiring Plaintiff Tim Hardesty counsel to pay Monsa[n]to's reasonable expenses and attorneys' fees incurred in having its counsel prepare and file its Motion to Compel [Dkt. Nos. 41 & 43] and reply in support [Dkt. No. 48] and any supporting exhibits and appendix [Dkt. No. 42].
>
> The parties' counsel are directed to confer by telephone or videoconference or in person about the reasonable amount of these attorneys' fees to be awarded under Rule 37(a)(5)(A). By no later than Monday, March 2, 2026, the parties must file a joint report notifying the Court of the results of the conference. If all disputed issues as to the amount of attorneys' fees to be awarded to Monsa[n]to have been resolved, Monsa[n]to's counsel must also send an agreed proposed order to the Court at Horan_Orders@txnd.uscourts.gov by Monday, March 2, 2026.
>
> If the parties do not reach an agreement as to the amount of attorneys' fees to be awarded, Monsa[n]to must, by no later than Monday, March 16, 2026, file an application for attorneys' fees that is accompanied by supporting evidence establishing the amount of the reasonable attorneys' fees to be awarded under Rules 37(a)(5). The fee application must be supported by documentation evidencing the "lodestar" calculation, including affidavits and detailed billing records, and citations to relevant authorities and must set forth the itemized number of hours expended in connection with the recoverable attorneys' fees described above as well as the reasonable rate(s) requested. *See Tollett v. City of Kemah*, 285 F.3d 357, 367 (5th Cir. 2002).
>
> If an application is filed, Hardesty must file a response by Monday, April 6, 2026, and Monsa[n]to must file any reply by Monday, April 20, 2026.

Dkt. No. 59.

When the parties could not agree, Monsanto filed its application for attorneys' fees. *See* Dkt. Nos. 67-68, 82. Though active in filing on the docket otherwise, Hardesty did not respond to the application for fees. Monsanto argues that Hardesty's

lack of response implicitly concedes that Monsanto is entitled to its full ask of fees and costs. *See* Dkt. No. 78.

United States District Judge Ed Kinkeade referred the application to the undersigned United States magistrate judge for hearing, if necessary, and determination under 28 U.S.C. § 636(b). *See* Dkt. No. 94.

Through its application, Monsanto seeks $33,508.50 in attorneys' fees (26 hours, at a rate of $495 per hour, for work performed by its attorney, Benjamin W. Walther, a partner at Shook, Hardy & Bacon L.L.P.; 9.3 hours, at a rate of $495 per hour, for work performed by its attorney Ryan S. Killian, a partner at Shook Hardy & Bacon; 12.1 hours, at a rate of $380 per hour, for work performed by its attorney, Farhan Mohiuddin, a former associate at Shook Hardy & Bacon; 30.3 hours, at a rate of $345 per hour, for work performed by its attorney, Erika Medina, a former associate at Shook Hardy & Bacon). *See generally* Dkt. Nos. 67-68.

Though Hardesty does not offer a basis for opposing the fee award because he did not respond to Monsanto's motion for fees and costs, the Court still must determine the appropriate lodestar, which, here, is calculated by multiplying the number of hours Monsanto's attorneys reasonably spent in preparing and filing its motion to compel by a reasonable hourly rate, *see, e.g.*, *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012).

Under Rule 37(a)(5)(A), "a party seeking attorneys' fees may only recover for time spent in preparing and prosecuting the actual discovery motion – that is, the 'reasonable expenses incurred in making the motion, including attorney's fees.'"

*Liberty Ins. Underwriters Inc. v. First Mercury Ins. Co.*, No. 3:17-cv-3029-M, 2019 WL 7900687, at *5 (N.D. Tex. Mar. 11, 2019) (quoting FED. R. CIV. P. 37(a)(5)(A)). "This includes time spent on additional briefing and any oral argument or hearing and can include '"fees on fees" for the time expended in filing a motion for attorneys' fees.'" *Id.* (quoting *Wysocki v. Dourian*, No. 2:17-cv-333-JAD-NJK, 2017 WL 4767145, at *2 (D. Nev. Oct. 20, 2017); citing *Schneider v. CitiMortgage, Inc.*, No. 13-4094-SAC, 2018 WL 3068172, at *3 (D. Kan. June 21, 2018)). But "[i]t is within the district court's wide discretion to award or deny fees on fees, based on its evaluation of the merits of the underlying fee request." *DaSilva v. U.S. Citizenship & Immigration Servs.*, 599 F. App'x 535, 544-43 (5th Cir. 2014) (citation omitted).

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984)). The relevant legal community is the community in which the district court sits. *See Tollett*, 285 F.3d at 368. Generally, the reasonable hourly rate for a community is established through affidavits of other attorneys practicing there. *See id.* But the Court also may use its own expertise and judgment to make an appropriate independent assessment of the hourly rates charged for the attorneys' services. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004); *Vanliner Ins. Co. v. DerMargosian*, No. 3:12-cv-5074-D, 2014 WL 1632181, at *2 (N.D. Tex. Apr. 24, 2014).

In general, the party seeking reimbursement of attorneys' fees bears the burden to "produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation," *Blum*, 465 U.S. at 896 n.11; *but cf. Primrose Operating*, 382 F.3d at 562, as well as to establish the number of hours expended through the presentation of adequately recorded time records as evidence, *see Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

And movants seeking attorneys' fees are "charged with the burden of showing the reasonableness of the hours billed and, therefore, are also charged with proving that they exercised billing judgment," which "requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Saizan v. Delta Concrete Prods., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006) (footnotes omitted).

The Court should use this reported time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *See Watkins*, 7 F.3d at 457. The hours remaining are those reasonably expended. *See id.*

There is a strong presumption of the reasonableness of the lodestar amount. *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010); *Saizan*, 448 F.3d at 800.

Further, "[i]f a party does not object to particular billing entries as inadequately documented, the court is not obligated *sua sponte* to sift through fee records searching for vague entries or block billing. It is a common practice for courts

to address only those potentially inadequate entries brought to the court's attention." *Hoffman v. L & M Arts*, No. 3:10-cv-953-D, 2015 WL 3999171, at *5 (N.D. Tex. July 1, 2015).

And the Court should not "eliminate wholesale the services of attorneys without identifying the particular services which are regarded as duplicative." *Tasby v. Estes*, 651 F.2d 287, 289-90 (5th Cir. Unit A July 1981) (internal quotation marks omitted).

"Percentage reductions are appropriate when attorneys impermissibly engage in block billing or fail to exercise billing judgment" – including by failing to write off time spent on work that was redundant and in hindsight may have been unnecessary – or "when a court reduces excessive time spent on particular legal services" or for particular services that are "duplicative." *Fralick v. Plumbers & Pipefitters Nat'l Pension Fund*, No. 3:09-cv-752-D, 2011 WL 487754, at *13 (N.D. Tex. Feb. 11, 2011); *Shepherd v. Dall. Cnty., Tex.*, No. 3:05-cv-1442-D, 2009 WL 977294, at *2 n.3 (N.D. Tex. Apr. 10, 2009); *accord Saizan*, 448 F.3d at 799 ("The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment." (footnote omitted)); *Cookston v. Freeman, Inc.*, No. 3:98-cv-2106-D, 1999 WL 714760, at *5 (N.D. Tex. Sept. 14, 1999).

After calculating the lodestar, the Court may either (1) accept the lodestar figure or (2) decrease or enhance it based on the circumstances of the case, taking into account what are referred to as the *Johnson* factors. *See La. Power & Light Co.*

*v. Kellstrom*, 50 F.3d 319, 324, 329 (5th Cir. 1995); *Johnson v. Ga. Highway Express*, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989).

The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the legal issues; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney as a result of taking the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances; (8) the monetary amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case is undesirable; (11) the nature and duration of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 448 F.2d at 717-19; *see also Saizan*, 448 F.3d at 800.

But, because the lodestar is presumed to be reasonable, it should be modified only in exceptional cases. *See Watkins*, 7 F.3d at 457.

And, in the end, the Court need only "provide a reasonably specific explanation for all aspects of a fee determination." *Portillo v. Cunningham*, 872 F.3d 728, 741 (5th Cir. 2017) (cleaned up). So "rulings on fee awards need not 'be so excruciatingly explicit' that those decisions 'consume more paper than did the cases from which they arose.'" *Saldivar v. Austin Indep. Sch. Dist.*, 675 F. App'x 429, 432-33 (5th Cir. 2017) (per curiam) (quoting *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 228-29 (5th Cir. 2008)). Instead, the district court's "analysis [must be] 'complete enough' for [the United States Court of Appeals for the Fifth Circuit] to review

'whether the court has used proper factual criteria in exercising its discretion to fix just compensation.'" *Id.* (quoting *Brantley v. Surles*, 804 F.2d 321, 325-26 (5th Cir. 1986)).

Here, Monsanto's fee application is supported by billing records attached to the declaration of its counsel. *See* Dkt. No 68. The records are supported by narrative descriptions of the work done, the number of hours that it took to complete the work, and the hourly rate billed for completion. *See id.* In fact, Monsanto was charged rates that "represent reductions of between 51% and 62% from those standard rates," and it seeks attorneys' fees only for work performed under those rates. *See id.* at 2. Thus, counsel's declaration reflects an hourly rate that is reasonable and within the market rate for attorneys with this level of experience handling this type of litigation in the Dallas area.

But those billing records reflect work that is broader than "preparing and prosecuting," *see* FED. R. CIV. P. 37(a)(5)(A), Monsanto's Motion to Compel discovery [Dkt. Nos. 41 & 43]. *See, e.g.*, Dkt. No. 68 at 7-10 (reflecting time spent analyzing plaintiff's disclosures and discovery responses, after claiming he produced none, before preparing motion to compel; preparing motions for sanctions; preparing requests for production; analyzing plaintiff's opposition to motion to compel; corresponding with co-counsel before preparing reply; corresponding with local counsel regarding depositions).

And, to the extent that some of these entries could be justified as "'fees on fees' for the time expended in filing a motion for attorneys' fees," *Liberty Ins. Underwriters*,

2019 WL 7900687, at *5 (cleaned up), the Court applies its discretion to deny fees on fees under these circumstances.

So, after carefully reviewing Monsanto's billing records, of the 77.7 hours requested, the Court finds 59.65 hours to be reasonable and necessary and not excessive, duplicative, or inadequately documented considering the limited scope of the fee award, and the court will: "award expenses under Rule 37(a)(5)(A) by requiring Plaintiff Tim Hardesty's counsel to pay Monsanto [its] reasonable expenses and attorneys' fees incurred in having its counsel prepare and file its Motion to Compel [Dkt. Nos. 41 & 43] and reply in support [Dkt. No. 48] and any supporting exhibits and appendix [Dkt. No. 42]." Dkt. No 59 (cleaned up).

And, so, the appropriate lodestar here is calculated as 59.65 hours at hourly rates ranging between $380 and $495, where the Court matches the attorney who completed the work and their corresponding billable rate. And, while the undersigned has considered the *Johnson* factors, the lodestar is presumed to be reasonable and should only be modified in exceptional cases. So the Court determines that no enhancement is warranted under the circumstances and that there are no other exceptional circumstances.

In sum, the Court GRANTS IN PART AND DENIES IN PART Defendant's Application for Attorney's Fees and Costs [Dkt. No. 67] by ORDERING Plaintiff Tim Hardesty's counsel to pay Defendant Monsanto Company $21,768.50 in attorneys' fees under Federal Rule of Civil Procedure 37(a)(5)(A) by **November 5, 2026**.

SO ORDERED.

DATE: October 5, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE